IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ERIC FLORES, | CIVIL NO. 13-00393 DKW KSC |
| Petitioner, | **ORDER DISMISSING** |
| | **COMPLAINT AND DENYING AS** |
| vs. | **MOOT THE APPLICATION TO** |
| | **PROCEED WITHOUT** |
| UNITED STATES ATTORNEY | **PREPAYMENT OF FEES** |
| GENERAL;  UNITED STATES | |
| DEPARTMENT OF HEALTH AND | |
| HUMAN SERVICES;  SIERRA | |
| MEDICAL CENTER, | |
| Respondents. | |

**ORDER DISMISSING COMPLAINT AND DENYING AS MOOT THE
APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

**INTRODUCTION**

Before the Court is Plaintiff pro se Eric Flores's ("Flores")

Application to Proceed without Prepayment of Fees (the "Application"), filed on

August 1, 2013, in conjunction with his 117-page Complaint captioned "Federal

Tort Complaint Against Torture" ("Complaint").  For the reasons set forth below,

the Court DENIES the Application as moot and DISMISSES the Complaint WITH

PREJUDICE.

## BACKGROUND

Flores, a Texas resident, alleges in the Complaint that unnamed federal government employees have directed genetic code-altering satellite transmissions from outer space at Mexican-Americans.  He seeks to file a class action, with himself as the representative, for the class of Mexican-American citizens who are being targeted.  Complaint at 1–2.  Flores alleges:

> [I]t is necessary for the court to enter an order issu[]ing directives for the United States Attorney General to show cause why its agents, officer, employees, or agencies are using advanced technology with a direct signal to the satellite in outerspace that has the capability of calculat[]ing a genetic code to cause the petitioner and his immediate relatives severe physical and mental pain for long durations exceeding calendar years which was equivalent in intensity to organ failure, impairment of body functions, and death.

Complaint at 10.  The same or similar iterations are repeated throughout the Complaint.

Flores has sought to institute the same or similar actions in many other district courts.  *See Flores v. U.S. Att'y Gen.*, CV 13-167 GRA-JDA, 2013 WL 1786392, at *2 n.1 (D.S.C. Mar. 25, 2013) (citing numerous cases).  The District of New Hampshire recently detailed some of Flores's litigation history in its own order dismissing Flores's complaint:

> Since 2010, plaintiff has filed dozens of lawsuits all over the country, alleging claims substantially the same as those in this action, including cases appealed to the First Circuit from the United States District Courts in Maine and Massachusetts.

2

*See, e.g.*, *Flores v. Holder*, Nos. 13-8003 and 12-2479 (1st Cir. Feb. 19, 2013) (affirming *Flores v. U.S. Atty. Gen'l*, No. 2:13-cv-00007-DBH (D. Me. Jan. 29, 2013), and *Flores v. U.S. Atty. Gen'l*, No. 4:12-cv-40154-TSH (D. Mass. Nov. 20, 2012)); *Flores v. U.S. Atty. Gen'l*, No. 2:13-cv-0053-DBH (D. Me. Feb. 15, 2013); *Flores v. U.S. Dep't of Health and Human Servs.*, No. 2:12-cv-00189-DBH (D. Me. June 14, 2012).

The United States Supreme Court, as a result of Flores's abusive litigation tactics there, has restricted Flores's ability to file civil matters in that court. *See Flores v. Holder*, 132 S. Ct. 2397 (2012) (denying leave to proceed in forma pauperis and dismissing petition for writ of certiorari), and federal district courts around the country have dismissed Flores's complaints as frivolous. *See e.g.*, *Flores v. U.S. Atty. Gen'l*, NO. 2:13-cv-0053-DBH, 2013 WL 1122719, [at] *2 (D. Me. Feb. 26, 2013) (recommending that the court "join the long list of jurisdictions that have screened this or similar complaints filed by Flores and concluded that they contain 'the hallucinations of a troubled man'" (citation omitted)), report and recommendation adopted by 2013 WL 1122635 (D. Me. Mar. 18, 2013).

*Flores v. U.S. Att'y Gen.*, CV 13-00001 SM, 2013 WL 3190573, at *2 (D.N.H. June 20, 2013).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e), the Court subjects every *in forma pauperis* proceeding to mandatory screening and orders the dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).

3

Plaintiff is proceeding pro se; therefore, the Court liberally construes his pleadings.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

The Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

Having screened the Complaint, the Court concludes that the Complaint should be dismissed with prejudice.  The Complaint fails to state a claim and Flores's allegations are frivolous, irrational, and clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  Notably, Flores's allegations in the Complaint do not differ from those that have been uniformly dismissed with

4

prejudice by federal district courts around the country.[1]  *See Flores v. U.S. Att'y Gen.*, CV 13-00145 RRB (D. Alaska August 23, 2013) (citing and quoting from several cases all dismissing the same or similar allegations).  Therefore, the Court joins the long list of other districts which have dismissed with prejudice Flores's complaints and denied his requests to proceed without prepayment of fees.

Because the Court dismisses the Complaint with prejudice, the Application is consequently denied as moot.

//       //

//       //

//       //

//       //

---

[1] The Court notes that:

Flores has filed a dozen or more complaints making similar allegations in his home district and in the District of Columbia, all of which have been dismissed, and filing restrictions have been imposed upon him.  In an effort to avoid those restrictions, Flores has recently filed several identical complaints far from home in courts unfamiliar with his litigation history.

*Flores v. U.S. Att'y Gen.*, CV 12-00227 WOB (E.D. Ken. Nov. 16, 2012) (internal citation omitted).

## <u>CONCLUSION</u>

The Court DISMISSES WITH PREJUDICE the Complaint and

DENIES AS MOOT Flores's Application to Proceed without Prepayment of Fees.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:  HONOLULU, HAWAI'I, August 29, 2013.



_____
Derrick K. Watson
United States District Judge

---

Eric Flores v. U.S. Att'y Gen.; CV 13-00393 DKW-KSC; ORDER DISMISSING
COMPLAINT AND DENYING AS MOOT THE APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES